UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY, on behalf of 20's Hideout Restaurant, LLC<br><br>        Plaintiff,<br><br>   v.<br><br>LIBERTY GRAPHICS & SIGNS, LLC, and LIBERTY SIGNS, LLC,<br><br>        Defendants. | Case No. 22-cv-1526-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the second motion of defendant Liberty Signs, LLC to set aside entry of default (Doc. 36). The motion indicates plaintiff The Travelers Indemnity Company has no objection to the motion.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993). It appears that the defendant's failure to timely respond to the plaintiff's complaint was due to confusion over whether the defendant or the defendant's insurer was responsible for defending this case and that the delinquency was not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default. *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

It further appears the defendant took relatively quick action by moving to vacate within about a month of entry of default, and by filing its second motion within 2 days of notice that its

first was flawed.  Whether this qualifies as "quick" turns on the particular situation.  *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).  In light of the circumstances of this case, this is sufficiently quick action.

A meritorious defense is not necessarily a winning defense, but is instead "one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165.  It must be more than a general denial or a bare legal conclusion that a defense exists.  *See Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 46 (7th Cir. 1994).  The defendant has set forth sufficiently detailed potentially meritorious defenses:  lack of causation and comparative fault.

In light of the foregoing, the Court:

- **GRANTS** the defendant's second motion to vacate entry of default (Doc. 36);

- **DIRECTS** the Clerk of Court to set aside the entry of default against defendant Liberty Signs LLC (Doc. 26); and

- **ORDERS** that Liberty Signs LLC shall have up to and including December 30, 2022, to respond to the plaintiff's Amended Complaint.

**IT IS SO ORDERED.**
**DATED:  December 7, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**